IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LANCE WILLIAM TISDALE | § | |
| | § | |
| V. | § | A-09-CA-297-LY |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Petitioner's "Motion for leave to Amend and Supplement Pleading in Rule 15(c)1,2,3, and (d) with Motion for Leave to File Writ of Habeas Corpus Ad Testificandum" (Document 7). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

Petitioner pleaded guilty to aggravated robbery in the 299th Judicial District Court of Travis County, Texas. The district court adjudged him guilty and assessed punishment at imprisonment for

24 years. Petitioner's conviction was affirmed on June 13, 2002, Tisdale v. State, No. 03-01-00296-CR, 2002 WL 1289746 (Tex. App. – Austin 2002, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on October 30, 2002. Petitioner indicates he did not file a petition for writ of certiorari with the Supreme Court. He did, however, challenge his conviction in three state applications for habeas corpus relief. Petitioner does not indicate the date he filed his three state habeas application. However, on February 12, 2003, the Texas Court of Criminal Appeals dismissed the first application as non-compliant. Ex parte Tisdale, No. 55,028-01. On March 3, 2004, the Texas Court of Criminal Appeals denied the second application without written order. Ex parte Tisdale, No. 55,028-02. On November 9, 2005, the Texas Court of Criminal Appeals dismissed the third application as successive. Ex parte Tisdale, No. 55,028-03.

## II. DISCUSSION AND ANALYSIS

**A.  The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on January 28, 2003, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because Petitioner failed to indicate the dates he filed his state applications, the Court cannot accurately determine how long the limitations period was tolled due to Petitioner's pending state habeas applications. For purposes of this Report and Recommendation the Court will assume, without deciding, that the limitations period was tolled until his last state application was dismissed as successive on November 9, 2005. Petitioner did not execute his federal application until March 26, 2009, more than three years after the state dismissed Petitioner's third state application and long after the limitations period expired.

Petitioner appears to be arguing he is actually innocent of the crime to which he pleaded guilty. The one-year limitations period established by § 2244(d) contains no explicit exemption for

3

petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). The Fifth Circuit has previously held that such claims do not. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent."); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[2]

## III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred and any pending motions be dismissed.

---

[2] To the extent Petitioner is attempting to obtain a full pardon in this case the Court notes the Governor of Texas, based upon a recommendation of a majority of the Board of Pardons and Paroles, may grant clemency. TEX. CONST., Art. IV, § 11; TEX. CODE CRIM. PRO. ANN. art. 48.01. A state prisoner, however, "has no federal constitutional right to a clemency pardon." See Cloud v. Cockrell, No. 3:02-CV-2789-L, 2003 WL 21448351, at *3 (N.D. Tex. Mar.27, 2003) (findings, conclusions, and recommendation accepted by District Court).

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE